**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF MIAMI BEACH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARACRUZ CELULOSE S.A., CARLOS ALBERTO VIEIRA, CARLOS AUGUSTO LIRA AGUIAR, and ISAC ROFFE ZAGURY, <br><br> Defendants. | Case No. 08-23317-CIV-LENARD |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS,**
**AND PROVIDING FOR NOTICE OF SETTLEMENT**

The Parties having made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order preliminarily approving the Settlement of this Action, and the fairness of the terms and conditions of the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated January 23, 2013; and

The Court, having read and considered the Stipulation, and the exhibits attached to it, with all capitalized terms contained in this Order having the same definitions as set forth in the Stipulation, and any inconsistencies between the Stipulation and this Order being controlled by the language of the Stipulation:

**IT IS HEREBY ORDERED:**

1.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby provisionally certifies a Class consisting of all persons or entities who purchased Aracruz Celulose S.A. ("Aracruz" or the "Company") American Depositary Receipts ("ADRs") between April 7, 2008 and October 2, 2008, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of Aracruz and the directors, officers and employees of the Company or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

2.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the Class Representative's claims against the Defendants are typical of the claims of the Class it seeks to represent; (d) the Class Representative will fairly and adequately represent the interests of the Class with respect to the claims asserted against the Defendants; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted against the Defendants.

2

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff City Pension Fund For Firefighters and Police Officers in the City of Miami Beach is certified as a Class Representative.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Counsel Saxena White P.A. is certified as Class Counsel.

5.     The Court preliminarily approves (1) the Settlement and (2) the Plan of Allocation described in the Notice as being fair, adequate and reasonable, subject to the right of any Class Member to challenge the fairness, reasonableness, or adequacy of the Settlement or the Plan of Allocation, or the fairness and adequacy of the representation by Lead Counsel, and to show cause, if any exists, why a final judgment dismissing the claims asserted against the Defendants in the Action based on the Stipulation should not be ordered after due and adequate notice to the Class has been given in conformity with this Order.

6.     A hearing in this Action (the "Fairness Hearing") will be held on _____Monday, July 1, 2013_____, at _2:00_____ p..m., in Courtroom 12-1, United States District Court, 400 North Miami Avenue, Miami, Florida 33128.  The purpose of the Fairness Hearing is to determine:

a.     whether the claims asserted against the Defendants in this Action satisfy the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

b.     whether the terms of the Settlement described in the Stipulation are fair, reasonable and adequate, and should be approved by the Court;

c.     whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court;

d.     whether the proposed Order and Final Judgment should be entered and the Action should be dismissed as to the Defendants, on the merits and with prejudice;

e.     whether the application for attorneys' fees and expenses and reimbursement for the Lead Plaintiff should be approved; and

f.     other such matters as the Court may deem appropriate.

7.     Papers in support of final approval of the Settlement and/or an award of attorneys' fees and reimbursement of expenses shall be filed no later than 35 days prior to the Fairness Hearing. Papers in opposition to such papers shall be filed no later than 21 days prior to the Fairness Hearing, as set forth in Paragraph 14 below. Reply papers in support of such papers must be filed no later than 7 days prior to the Fairness Hearing.

8.     The Court may approve the Settlement, with such modifications as may be agreed to on the one hand by Lead Counsel, on behalf of the Class, and on the other hand by Defendants, if appropriate, without further notice to the Class. The Order and Final Judgment approving the Settlement and dismissing the Action as to the Defendants on the merits and with prejudice will be considered without regard to any Plan of Allocation or award of attorneys' fees and expenses.

9.     Not later than 14 days after the Court's entry of this Order (the "Notice Date"), Lead Counsel shall cause the Notice, substantially in the form attached to the Stipulation as Exhibit C, to be mailed by first class mail, postage prepaid, to each person or entity whose identity and address can reasonably be determined or that has been determined from the records of Aracruz, its agents or other entities as a person or entity who purchased Aracruz ADRs between April 7, 2008 and October 2, 2008, inclusive. Prior to the Notice Date, Lead Counsel shall cause the Notice to be posted on the Settlement website, at www.aracruzadrlitigation.com.

4

Prior to the Notice Date, Lead Counsel will also cause the Publication Notice, substantially in the form attached to the Stipulation as Exhibit D, to be published once in *Investor's Business Daily*.

10.     The Court approves Lead Counsel's choice of the Garden City Group, Inc. as Claims Administrator to mail the Notice to the Class, publish the Publication Notice, maintain the Settlement website, identify and locate Class Members, and administer claims.  At or before the Fairness Hearing, Lead Counsel shall file proof of such mailings and publication.  The expenses of such notices and publication shall be paid in accordance with the Stipulation.

11.     The Court approves the form and content of the:  (i) Notice; (ii) Proof of Claim; and (iii) Publication Notice and finds that the mailing, distribution, and publication of such notices substantially in the manner and form set forth in Paragraph 9 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and other applicable law in the United States, and is the best notice practicable under the circumstances and will constitute due and sufficient notice to all persons entitled to receive notice.

12.     As provided in the Notice, nominees who purchased Aracruz ADRs during the Class Period, beneficially owned by another person or entity shall send the Notice to such persons or entities within 7 days after receipt thereof, or send a list of names and addresses of such persons or entities to the Claims Administrator within 7 days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such persons or entities.  Lead Counsel or its designee shall furnish, upon the request of any nominee, copies of the Notice for mailing to beneficial owners of Aracruz ADRs.  In those cases where a nominee elects to provide a list of names and addresses of persons for whom that nominee transacted in Aracruz ADRs during the Class Period, Lead Counsel or its designee shall, upon receipt of the list, cause to be mailed a copy of the Notice to each person on it.  Lead Counsel shall offer to reimburse banks,

brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred but for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation, and may be reimbursed pursuant to the Stipulation, subject to review by the Court.

13. A Class Member who files a valid request for exclusion no later than 21 days prior to the Fairness Hearing will be excluded from the Class by the Court and will be free to pursue on his own behalf and at his own expense any rights he may have, but will not participate in the Settlement. Any Class Member who has not properly filed a request for exclusion will be included in the Class and upon any approval of the Settlement will be bound by such Settlement and any final judgment rendered in connection with it.

14. Any Class Member who has not requested exclusion from the Class may appear personally, or by counsel of his own choice and at his own expense, at the Fairness Hearing to show cause why: (a) the Settlement should or should not be approved as fair, reasonable, and adequate; (b) a final judgment should or should not be entered as to the Defendants; (c) Lead Counsel should or should not be awarded attorneys' fees and expenses as requested; or (d) representative reimbursement to the Lead Plaintiff should or should not be awarded. Class Members desiring to be heard to contest the approval of any of these matters that may be considered by the Court at the Fairness Hearing shall, no later than 21 days prior to the Fairness Hearing, serve by first-class mail proof of membership in the Class and written objections and copies of any supporting papers and briefs upon Lead Counsel, Defendants' Counsel, and the Clerk of Court:

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of Court<br>U.S. District Court<br>Southern District of Florida<br>400 North Miami Ave.<br>Miami, FL 33128<br>Aracruz ADR Litigation<br>Case No. 08-23317-CIV-<br>LENARD | Joseph E. White, III, Esq.<br>SAXENA WHITE P.A.<br>2424 N. Federal Highway<br>Suite 257<br>Boca Raton, FL 33431 | *Counsel for Aracruz Celulose S.A., Carlos Alberto Vieira and Carlos Augusto Lira Aguiar:*<br><br>Douglas P. Baumstein, Esq.<br>WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, NY  10036<br><br><br>*Counsel for Isac Roffé Zagury:*<br><br>Quinn Smith, Esq.<br>SMITH INTERNATIONAL<br>LEGAL CONSULTANTS, P.A.<br>175 SW 7th St., Suite 2110<br>Miami, FL 33130 |

15.     Any Class Member who does not object to the Settlement in the manner provided in this Order will be deemed to have waived such objection and will forever be foreclosed from making any objection to the Settlement or Stipulation or any portions thereof.

16.     To be entitled to a distribution from the Settlement Fund (as provided in the Stipulation), a Class Member who has not requested exclusion must submit a Proof of Claim in the manner set forth in Paragraph 17 below.  Any Class Member who does not submit a Proof of Claim in the manner set forth in Paragraph 17 will not be entitled to share in the Settlement Fund, but nonetheless will be barred from asserting any Released Claims against any of the Released Parties.

17.     Proofs of Claim will be submitted in accordance with the following procedures and conditions:

a.     A Proof of Claim must be submitted no later than 90 days after the Fairness Hearing.  Such deadline may be extended by Court order.  Any Class Member

7

claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.  Any Class Member who fails to timely submit the required Proof of Claim will be precluded from receiving payment pursuant to the Stipulation, but will in all other respects be subject to the provisions of the Stipulation including the release provisions contained in it.  A Proof of Claim will be submitted for purposes of the Settlement when postmarked or submitted online to the Claims Administrator.  If a Proof of Claim contains incomplete or inadequate documentation, Lead Counsel may provide the Class Member an opportunity to substantiate such claim by providing further documentation or information.

b.	By filing a Proof of Claim, each Class Member agrees to submit to the jurisdiction of the Court for purposes of necessary discovery and the review of such claim pursuant to the terms of the Stipulation.

c.	If the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her authority to act on behalf of the Class Member must be included with the Proof of Claim.

18.	Lead Counsel and the Claims Administrator will be responsible for processing all Proofs of Claim and administering the Settlement, subject to review by the Court.

19.	The Released Parties shall not have any responsibility for any Plan of Allocation or any application for attorneys' fees and expenses.

20.	Pending the final determination of the fairness, reasonableness, and adequacy of the Settlement, no Class Member may prosecute any Released Claims against any of the

8

Released Parties, and the Released Parties may not prosecute any of Released Defendants' Claims against Lead Plaintiff and/or its attorneys.

21.     Lead Counsel is authorized to act on behalf of the Class Members in all respects pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

22.     The Court may change the date and time of the Fairness Hearing without any further notice to members of the Class.  The Court retains jurisdiction over the Stipulation and Settlement to consider all further applications arising out of or connected with the Settlement.

23.     This Order, the Stipulation, and the Settlement are not an admission or concession by any of the Defendants of the truth or validity of any claims asserted against them in this Action or of any wrongdoing by them or of any liability of them or any violation of law by them, and none shall be used as an admission or concession with respect to any claim of any wrongdoing, fault, or omission by any of the Defendants in connection with any transaction or occurrence or any statement, release, or written document issued, filed, or made; and neither this Order nor the Stipulation and the Settlement nor any related document, proceeding, or action, nor any reports or accounts thereof, shall be offered or received in evidence against the Defendants in any civil, criminal, or administrative action, arbitration or other proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation and the Settlement.

24.     The Settlement Fund and any funds or assets in it shall be in the Court's legal custody, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed under the Stipulation and/or further Court Order(s).

25.     Lead Counsel may pay, in accordance with the terms of the Stipulation, all taxes, administrative expenses and notice costs, out of the Settlement Fund.

26.     The exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this Order.

Dated: ___March 14, 2013___

SO ORDERED:

_____

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT JUDGE